# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SCRAMOGE TECHNOLOGY LTD., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil No. 6:21-cv-00579-ADA |
| | § | |
| APPLE INC., | § | |
| *Defendant.* | § | |

## OPINION DENYING MOTION TO SEAL

This opinion memorializes the Court's decision on Defendant Apple Inc.'s ("Apple" or "Defendant") Emergency Sealed Motion (Dkt. No. 80) to Seal Portions of the Court's Order Granting Apple's Motion to Transfer (Dkt. No. 77). After careful consideration of the relevant facts, applicable law, and Apple's brief (Dkt. No. 77), the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Apple's Sealed Motion to Seal.

## I.      BACKGROUND

Plaintiff Scramoge Technology Ltd. ("Scramoge" or "Plaintiff") filed this lawsuit accusing Defendant of patent infringement. Dkt. No. 1. Apple then filed a Sealed Motion to Transfer this case to the Northern District of California (Dkt. No. 37) supported by the Sealed Declaration of Mark Rollins in Support of Defendant Apple Inc.'s Motion to Transfer (Dkt. No. 37-1). After considering the parties' transfer briefing (Dkt. Nos. 37, 67, 72), the Court issued its Sealed Memorandum Opinion and Order (Dkt. No. 77, hereinafter "Transfer Opinion") transferring this case to the Northern District of California.

During the transfer motion briefing, Plaintiff argued that Apple's Declarant, Mr. Mark Rollins, provided a vague, incomplete, and generally unreliable declaration. Dkt. No. 67, *passim*. On reply, Apple responded that the attacks on Mr. Rollins are "baseless." Dkt. No. 72 at 1. The

Court's sealed Transfer Opinion criticizes Apple's repeat declarant, Mr. Mark Rollins.  Transfer Opinion, *passim*.

The Court issues sealed opinions when the Court might have relied on confidential information from the parties sealed briefing or sealed exhibits. The Court's Standing Order Regarding Filing Documents Under Seal and Redacted Public Versions requires parties to send a redacted copy of any sealed opinion to the Court for publication within seven days.

Apple and Scramoge stipulated to an extension of time to file their redacted copies, but that same day, the Court informed the parties that the stipulation is ineffective.  Dkt. No. 79. The Court's Standing Regarding Joint or Unopposed Request to Change Deadlines does not permit stipulations to change the deadline of a final submission that affects the Court's ability to hold a scheduled hearing, trial, or Court event.  Although no such hearings or trials remain pending in this case, the Parties' stipulated extension prevents this Court from issuing a public version of its Transfer Opinion.  Apple has multiple pending motions before this Court in other cases supported by a sealed declaration of Mark Rollins.  The Court's Transfer Opinion is inherently material to those cases, and delaying publication of the Transfer Opinion will delay the Court's ability to rule on those pending transfer motions and delay the Court's *Markman* hearings.

Apple timely sent its proposed redactions to the Court as part of its Sealed Emergency Sealed Motion (Dkt. No. 80) to Seal Portions of the Court's Order Granting Apple's Motion to Transfer (Dkt. No. 77).  Apple primarily seeks not to redact confidential information but to keep the Court's criticism of Mark Rollins from becoming public.

Apple has a long history of supporting its transfer motions with sealed declarations of Mr. Mark Rollins.  *E.g.*, Declaration of Mark Rollins in Support of Defendant Apple Inc.'s Motion to Transfer Venue, *Neonode Smartphone LLC v. Apple Inc.*, No. 6:20-cv-00505-ADA (W.D. Tex.

Nov. 5, 2020), Dkt. No. 27-3 (describing Apple's work on user interface elements of Apple's smartphones and iPads); Declaration of Mark Rollins, *Koss Corp. v. Apple Inc.*, No. 6:20-cv-665-ADA (W.D. Tex. Dec. 21, 2020), Dkt. No. 34-2 (describing Apple's work on HomePods, AirPods, PowerBeats, Beats Solo, firmware, and source code); Declaration of Mark Rollins in Support of Defendant Apple Inc.'s Motion to Transfer Venue, *CPC Patent Tech. PTY LTD. v. Apple Inc.*, No. 6:21-CV-165-ADA, (W.D. Tex. May 4, 2021), Dkt. No. 22-2 (describing Apple's work on biometric security technology); Declaration of Mark Rollins in Support of Defendant Apple Inc.'s Motion to Transfer Venue, *Gesture Tech. Partners LLC v. Apple, Inc.*, No. 6:21-cv-121-ADA (W.D. Tex. July 30, 2021), Dkt. No. 21-1 (describing Apple's work on camera technology in products including the iPhone 5-12 and many models and generations of iPads); Declaration of Mark Rollins in Support of Defendants' Motion to Transfer Venue, *Red Rock Analytics LLC v. Apple Inc.*, No. 6:21-cv-346-ADA-DTG (W.D. Tex. Aug. 24, 2021), Dkt. No. 45-17 (describing Apple's use of I-Q gain imbalance and 5G transceivers); Declaration of Mark Rollins in Support of Apple's Motion to Transfer Venue, *Logantree LP v. Apple Inc.*, No. 6:21-cv-397-ADA (W.D. Tex. Sept. 3, 2021), Dkt. No. 23-1 (describing Apple's work on the Apple watch); Declaration of Mark Rollins in Support of Defendant Apple Inc.'s Motion to Transfer Venue, *Identity Security LLC v. Apple Inc.*, No. 6:21-cv-460-ADA (W.D. Tex. Sept. 10, 2021), Dkt. No. 27-1 (describing Apple's work on microprocessors, iPhones 5S and later, MacBooks that contain specific chips, and Secure Enclave); Declaration of Mark Rollins in Support of Defendant Apple Inc.'s Motion to Transfer Venue, *Traxcell Tech., LLC v. Apple Inc.*, No. 6:21-cv-74-ADA (W.D. Tex. Sept. 21, 2021), Dkt. No. 34-1 (describing Apple's work on navigation technology); Declaration of Mark Rollins in Support of Defendant Apple Inc.'s Motion for Forum Non Conveniens, *MemoryWeb, LLC v. Apple, Inc.*, No. 6:21-cv-531-ADA (W.D. Tex. Oct. 13, 2021) Dkt. No. 26-1 (describing

Apple's work on file and photo organization in iPads, iPhones, iPods, and MacBooks); Declaration of Mark Rollins in Support of Defendant Apple Inc.'s Motion to Transfer Venue, *Future Link Systems, LLC v. Apple Inc.*, No. 6:21-cv-263-ADA-DTG (W.D. Tex. Nov. 17, 2021), Dkt. No. 36-2 (describing Apple's work on ARM-compliant bus and interconnect technology such as AMBA and DRAM memory chips including DDR3, DDR4, GDDR5, GDDR6, and HBM); Declaration of Mark Rollins, No. 6:21-cv-620-ADA (W.D. Tex. Dec. 10, 2021), Dkt. No. 23-1 (describing the use of beamforming technology in iPhones, iPads, MacBooks, Macs, and Apple TV devices); Declaration of Mark Rollins in Support of Defendant Apple Inc.'s Motion to Transfer Venue, *Sonrai Memory LTD. v. Apple, Inc.*, No. 6:21-cv-401-ADA (W.D. Tex. Dec. 29, 2021), Dkt. No. 29-2 (describing the use of charge pump circuitry in Apple's products); Declaration of Mark Rollins in Support of Apple Inc.'s Motion to Transfer Venue, No. 6:21-cv-603-ADA-DTG (W.D. Tex. Feb. 11, 2022), Dkt. No. 29-1 (describing Apple's work on wireless voice and data communication technology used in iPhones, iPads, Apple TV, and Apple Watch).[1]

## II.    LEGAL STANDRD

As the Supreme Court has recognized, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, (1978). "[T]here are well-recognized situations in which the seal may and should be used." *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987). For example, the common-law right of inspection has bowed before the need to ensure that court records are not "used to gratify private spite or promote

---

[1] This string cite omits supplemental declarations, declarations before Nov. 5, 2020, recent declarations not yet examined by the Court, and other various declarations submitted by Mr. Rollins. The quantity and scope of declarations by Mr. Rollins far exceeds what the Court identifies here.

public scandal." *Nixon*, 435 U.S. at 598 (citation omitted). Similarly, "courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption . . . or as sources of business information that might harm a litigant's competitive standing." *Id.* (citations omitted). While the Fifth Circuit requires courts to exercise discretion to seal "charily," it also has refused to recognize any "strong presumption" in favor of public access. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

### III.   APPLE HAS NO GOOD REASON TO KEEP THE
### ANALYSIS OF MARK ROLLINS SEALED

First, Apple argues that the Court should seal portions of the Transfer Order to protect Mark Rollins's credibility. However, Apple's longstanding practice of sealing its transfer motions and sealing its declarations of Mark Rollins has deprived the public and litigants access to important nonconfidential information. As a result, plaintiffs have lacked the information needed to properly challenge the credibility of Mark Rollins as a repeat declarant.

Next, Apple argues that Apple's use of a corporate declarant to support its transfer motion was proper. Dkt. No. 80 at 4. Indeed, it is proper, and the Court regularly sees motions supported by 30(b)(6) witnesses. The Court does not take issue with the use of a 30(b)(6) witness *per se*.[2] The Federal Rules expressly allow a designated corporate officer to provide testimony in the absence of personal knowledge. The Court instead takes issue with Mark Rollins's repeatedly inaccurate statements, his repeated failures to fully investigate, and his repeated declarations on topics that he knows nothing about.

---

[2] The Declaration of Mark Rollins (Dkt. No. 37-1) contains no statement that he knew himself to be a 30(b)(6) witness and contains no statement showing his understanding 30(b)(6) obligation. It remains unclear if Mark Rollins provided a 30(b)(6) declaration.

Apple argues this is not the case because Mark Rollins investigated the facts in his declarations, and the Court sometimes credited his statements.  For example, the Court repeatedly credited his statements about Apple's financial information because Mr. Rollins works as a financial manager at Apple—a topic that he should have personal knowledge of.  Also, Mark Rollins appears to have carefully investigated many facts that support transfer.  For example, when identifying people who work in California, the Declaration of Mark Rollins plainly states their names and the nature of their work *as an unqualified fact*.  Dkt. No. 37-1 ¶¶ 8-10 (omitting qualifiers of personal knowledge).  To confirm his knowledge, he spoke with Mr. Larsson, Mr. Garbus, Mr. Silva, and Mr. Grewal, and likely other witnesses in California because these witnesses would support transfer. Dkt. No. 80 at 2 n.3. Thus, the Court has indeed credited parts of Mr. Rollins's declarations when they provide uncontroverted statements and plain statements of fact made under penalty of perjury.

In contrast to his declarations about facts supporting venue, when providing statements about Apple's employee in Austin, Mr. Rollins's declaration becomes limited to his personal understanding,[3] suggesting a limited and guided investigation by his attorneys (or perhaps little to no investigation at all). *Id.* ¶ 11 (qualifying the statement with, "I understand . . .").  The repeated qualifications and limitations about his knowledge of facts that weigh against transfer show that Mr. Rollins repeatedly fails to conduct an equally confident investigation into facts that weigh against transfer.  Indeed, parties opposing transfer have repeatedly disproven statements made by Mark Rollins.  As an example of an uninformed statement, Mr. Rollins declares, "[t]o the best of

---

[3] Neither this opinion nor the Transfer Opinion should be interpreted as a finding of perjury. Indeed, Mark Rollins has carefully and repeatedly limited his statements, when not fully informed, to be made based on his personal knowledge and understanding.

my knowledge . . . the Apple employees with relevant information regarding the Accused Features and Accused Products are located in NDCA, San Diego, CA, and Auckland, New Zealand" based on his "personal knowledge, my review of corporate records . . . and/or my discussions with Apple employees." Dkt. No. 37-1 ¶¶ 2, 17.  Scramoge convincingly rebuts Mr. Rollins's statement by identifying six relevant Apple witnesses located in Austin (Alexander Pollard, John Tolman, Matthew Marks, Jeremy Meyers, Zao Yang, and Andrew O'Connell) and by supporting each argument with evidence. Dkt. No. 67 at 7-8 (citing exhibits). Thus, Mr. Rollins must not have been given any corporate records that mention these Apple witnesses nor talked to these individuals before making his initial declaration signed on November 11, 2021. Dkt. No. 80 at 2-3. Mr. Rollins did not speak to these individuals until April of 2022, only after Scramoge identified these witnesses and supplied evidence that Mr. Rollins's initial declaration was uninformed.  *Id.* at 3 n.4. Mr. Rollins then revised his understanding. For example, in his supplemental declaration, Mr. Rollins confirmed Mark Pollard is a Global Supply Manager for the accused inductive charging components in Austin. Dkt. No. 72-1 ¶ 5. The Court finds that the "best" of Mr. Rollins's knowledge at the time of his initial declaration was based on a deficient investigation. This pattern of providing uninformed statements in initial declarations has repeatedly played out before this Court.

Apple argues that Scramoge implicitly recognized Mr. Rollins's competence because Scramoge declined to depose him.  Dkt. No. 80.  It is far more likely that Scramoge declined to depose Mr. Rollins because the important parts of his declarations were limited to his personal knowledge as supplied through his attorneys.

Apple argues that the Court did not previously find Mr. Rollins to be a "universal witness" in *BillJCo, LLC v. Apple.*, *Inc.*, No. 6:21-cv-00528-ADA (W.D. Tex. Mar. 1, 2022), Dkt. No. 55,

at 13-14.  In that opinion, the Court did not rule on Mr. Rollins's credibility as a declarant because the plaintiff did not make the argument that Mr. Rollins repeated vague statements from his earlier declarations.  Instead, the Court indicated it would count Mr. Rollins as a potential witness whose convenience affected the witness convenience transfer factor despite him being universally identified as a potential witness in multiple cases without appearing at trial. *Id.*[4]

Apple argues that the Court's analysis of the credibility of Mr. Rollins was decided *sua sponte*.  The Court's assessment of a declarant's credibility is an inherent part of deciding a motion that the declarant supports.  In any event, Scramoge explicitly and convincingly attacked the credibility of Mr. Rollins in its transfer opposition brief. Dkt. No. 67, *passim*.  Scramoge attacked his statements as "vague," repeated from prior cases, and "silent" about certain facts weighing against transfer. *Id.* at 2-3.  Scramoge provided evidence that directly contradicts many of Mr. Rollins's statements.  *Id.*, *passim*.  Apple had a full opportunity to respond to respond on reply and in fact argued that Scramoge "baselessly attacks the credibility of Mark Rollins."  Dkt. No. 72 at 1. The issue was fully briefed.

Apple has deployed a three-pronged strategy to deprive litigants of important information.  First, Apple regularly seals the supporting declarations of Mark Rollins.  Second, in those sealed declarations, Mark Rollins repeatedly demonstrates an incomplete knowledge of facts that would weigh against transfer.  Third, Apple repeatedly avoids providing full venue discovery responses. *E.g.*, Dkt. No. 67 at 4 (describing Apple's refusal to fully respond to a venue interrogatory).  This strategy has repeatedly deprived litigants important information about the credibility of Mark Rollins.  If any party deprived the other a fair chance to make a full and informed argument, Apple

---

[4] Perhaps Apple will find a new, more reliable witness who performs more through investigations for future cases.

deprived Scramoge.  The public's interest in the credibility of this repeat declarant far outweighs Apple's interest in its ability to repeatedly use an uninformed venue witness in copening cases.

In summary, the scope, content, and frequency of declarations submitted by Mr. Rollins shows that they are attorney-crafted documents full of uninformed statements and hold little to no evidentiary value. Mark Rollins's credibility deserves no protection by this Court.

## IV.    THE COURT WILL KEEP CONFIDENTIAL INFORMATION SEALED

Apple asks the Court to seal a limited amount of information about the work of Mr. Hartnett because it is confidential business information.  The Court will redact a limited amount of discussion regarding his work at Apple.


SIGNED this 25th day of May, 2022.


ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE