IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ARIGNA TECHNOLOGY LIMITED,<br>*Plaintiff,*<br><br>-vs-<br><br>SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and APPLE INC.,<br>*Defendants.* | CIVIL NO. 6:21-CV-00943-ADA |

## ORDER GRANTING MOTION FOR SANCTIONS AGAINST APPLE

This opinion memorializes the Court's decision on Plaintiff Arigna Technology, Limited's ("Arigna" or "Plaintiff") Motion for Sanctions against Apple, Inc. ("Apple" or "Defendant") under Federal Rule of Civil Procedure 37. ECF No. 85. After considering the parties' briefs (ECF Nos. 85, 93, 94), oral argument (ECF No. 106), the applicable law, and the record as cited herein, the Court **GRANTS** Arigna's Motion.

### Procedural History

Arigna filed this case against Plaintiff, Samsung Electronics Co., Ltd. and Samsung America, Inc. on September 10, 2021, for infringement of U.S. Patent Numbers 6,603,343 and 8,947,164. ECF No. 1. Later, the Court stayed the case against Samsung Electronics Co., Ltd. and Samsung America, Inc., which remain unaffected by this opinion. The Court scheduled trial for August 17, 2023. ECF No. 77.

On March 19, 2022, Apple filed a motion to transfer this case to the Northern District of California. ECF No. 59. In support, Apple filed a declaration by Mr. Mark Rollins under seal. ECF No. 59-2. The Court's Order Governing Proceedings in Patent Cases ("OGP") provides rules for venue discovery upon the filing a transfer motion. OGP 4.1 § V. Accordingly, venue discovery cut

1

off on May 30, 2022. ECF No. 62. At one point, the parties proposed extending the venue discovery cutoff, but they failed to reach an agreement. ECF No. 93-6 at 2.

Arigna served a Rule 30(b)(6) deposition notice on May 2, 2022. ECF No. 93-3. Apple selected Mr. Rollins as Apple's 30(b)(6) witness, and Apple selected May 27, 2022—the last business day of venue discovery—for deposition. ECF No. 85-6 (confirming on May 17, 20, and 23 that Apple would provide a 30(b)(6) witness on May 27, 2022). On May 25, Apple served objections to the 30(b)(6) deposition notice and again confirmed for a fourth time that its witness would appear on May 27, 2022. ECF No. 85-4. Then on May 26, the night before the scheduled deposition, Apple notified Plaintiff that Apple would not present a witness at the deposition. ECF No. 85-7. The deposition proceeded on Friday, May 27, 2022, but Mr. Rollins failed to appear. ECF No. 85-2. After the weekend, venue discovery closed on Memorial Day on May 30, 2022. Thereafter, Arigna filed its motion for sanctions. ECF No. 85.

On May 7, 2022, Apple served a Rule 30(b)(6) deposition notice to Arigna, also setting the deposition for May 27, 2022. ECF No. 93-4. On May 24, 2022, four business days before the close of discovery, Arigna informed Apple that Arigna would not produce a corporate witness for the deposition because Arigna had no relevant presence in the United States. ECF No. 93-8. The parties then met and conferred about Arigna's refusal to produce a witness. Arigna informed Apple that Arigna had submitted a dispute to the Court in a related case, *Arigna Tech. Ltd. v. Google LLC*, No. 6:21-cv-01045 (W.D. Tex. Oct. 6, 2021), seeking a protective order for Arigna's 30(b)(6) venue witness. ECF No. 93-8 at 1. Arigna agreed that any adverse ruling in *Arigna v. Google* would similarly bind Arigna in this present case. *Id.* Apple agrees that the Court heard the "exact issue" regarding Arigna's witness. ECF No. 93 at 3.

In the *Arigna v. Google* case, the Court extended venue discovery and ordered both Arigna and Google to produce witnesses for deposition. *Arigna v. Google LLC*, 2022 WL 2055286, at *4. Because Arigna's witness had admittedly less relevance and less importance, the Court limited the deposition of Arigna's corporate witness to only three hours. *Id.*

After Mr. Rollins failed to appear at his noticed deposition, Apple privately offered to pay Arigna costs and fees of the originally missed deposition. ECF No. 106 at 20:15-18. In its opposition brief, Apple argues that "[n]o sanctions would be just or fair here." ECF No. 93 at 10. At the conclusion of Apple's opposition brief, Apple asks the Court to only deny Arigna's Motion for Sanctions and compel the parties to extend and complete venue discovery. ECF No. 93 at 15. Apple's proposed resolution does not include any payment of costs and fees to Arigna. *Id.* Apple offered to make its witness available on June 15, 2022. ECF No. 93 at 5–6.

On March 10, 2022, Apple and other parties in related cases filed petitions for *Inter Partes Review* of U.S. Patent Number 6,603,343. ECF No. 86. Final written decisions on those petitions are expected before November 3, 2023, and November 5, 2023—about two and a half months after the scheduled trial date of August 17, 2023. *Id.*; ECF No. 77. The parties expect another institution decision in December 2022 and another final written decision by December 2023 regarding U.S. Patent Number 8,947,164. ECF No. 86.

## **Legal Standard**

Federal Rules of Civil Procedure state:

(1) *In General.*
  (A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
    (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition . . . .
(2) *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was

> objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

FED. R. CIV. P. 37(d). To support the severest sanctions under Rule 37—striking pleadings, dismissing a case, or rendering default judgment—the Fifth Circuit requires consideration of "whether the discovery misconduct resulted from willfulness or bad faith; the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions; the other party's preparation for trial was substantially prejudiced; and the misconduct was plainly attributable to an attorney rather than a blameless client, or to confusion or sincere misunderstanding of the court's orders." *Alexsam, Inc. v. IDT Corp.*, 715 F.3d 1336, 1342–43 (Fed. Cir. 2013) (internal quotation marks omitted).

"For less severe sanctions, however, including deeming certain facts established for purposes of the litigation, the Fifth Circuit applies a less-rigorous standard, requiring only that the sanction be 'just and fair,' that it have a 'substantial relationship' to the facts sought to be established by the discovery, and that it meet Rule 37's goals of punishment and deterrence." *Id.* Under this standard, "[s]anctions must be both just and specifically related to the claim at issue in the discovery order. The movant for sanctions need not demonstrate willfulness for 'sanctions which are less harsh than a dismissal or default judgment.'" *See Vicknair v. Louisiana Dep't of Pub. Safety & Corr.*, 555 F. App'x 325, 332 (5th Cir. 2014) (internal citations omitted).

If a sanction is imposed, it "should be proportionate to the alleged offense." *Myart v. Glosson*, No. SA-14-CA-831-XR, 2015 LEXIS 72423, at *7 (W.D. Tex. May 11, 2015). It must also be "the least severe sanction adequate to achieve the desired result." *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996). The sanction must be "just" and "specifically related to the particular claim which was at issue in the order to provide discovery." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guineee*, 456 U.S. 694, 707 (1982). In determining whether a

sanction is just and fair, the Court considers whether: (1) the sanctioned party was warned of the impending sanctions, (2) the party made empty promises to comply with its discovery obligations, (3) the sanctioned party bore some culpability, (4) the claim being pursued through discovery was not so frivolous so as to amount to an abused of judicial process, and (5) the court previously sanctioned the same party. *Alexsam,* 715 F.3d at 1344 (applying 5th Circuit law).

## Analysis

### Applicable Standard

Striking Apple's motion to transfer venue will not result in a default judgment or the dismissal of any of Apple's defenses or counterclaims. A motion to transfer is a procedural motion for deciding the most convenient location for trial. Thus, this Court considers sanctions under the Fifth Circuit's less severe sanctions standard.

### The Appropriate Sanction

The Court holds that the failure of Mr. Rollins to appear at his noticed deposition violates the express language of Rule 37. Fed. R. Civ. P. 37(d). He failed to appear after being served with proper notice, and Apple objected to the scope of his deposition but had no pending motion for protective order.

The Court finds it appropriate to strike Apple's Motion to Transfer (ECF No. 59) as the sanction. Rule 37 expressly authorizes this remedy. Fed. R. Civ. P. 37. This remedy is proportional to the offense because Apple's Motion to Transfer relies heavily on Mr. Rollins's supporting declaration. Moreover, without deposing Mr. Rollins in a 30(b)(6) capacity, Arigna cannot determine the scope of Apple's connections to the Western District of Texas and will lack the information needed to oppose Apple's Motion to Transfer.

No less severe remedy will deter such repeat conduct by Apple because Apple from delaying and deprive the plaintiff of its constitutional right to a jury trial in this Court. Rather than deter, such a delay favors Apple and would encourage future scheduling gamesmanship. An award of fees and costs will not deter Apple's conduct relative to the benefit it receives by delaying this case. In fact, Arigna does not seek fees or costs due to this futility. Thus, striking Apple's Motion to Transfer is the least severe sanction possible and is a sanction specifically limited to the issue that the discovery abuse concerned.

**Apple's Violation of Rule 37 Warrants Sanctions**

The considerations in *Alexsam* support the Court's holding that it is just and fair to strike Apple's Motion to Transfer. 715 F.3d at 1344. As to factor (1), Apple received a fair warning. Despite Apple's change in position the night before the scheduled deposition, Arigna warned Apple that Mr. Rollins "is duty bound to appear for this deposition"—a reference to the duty under Rule 37 and sanctions described therein. ECF No. 85-7. As to factor (2), on May 17, 20, and 23 Apple made three empty promises to provide a witness at the scheduled deposition on May 27, 2022. ECF No. 85-6. After Arigna informed Apple on May 24 that Arigna would not provide a witness, Apple promised a fourth time on May 25 that Mr. Rollins would appear for deposition. ECF No. 93-8 at 5; ECF No. 85-4 ¶ 1. As to factor (3), Apple bears culpability because it pulled its own, important witness the night before a scheduled deposition and failed to file a motion for a protective order as required by Rule 37(d). Because Apple coordinates venue discovery tactics and the use of Mr. Rollins across many cases, the culpability rests with Apple, not its counsel. ECF No. 85-8. As to factor (4), the discovery sought was not frivolous because Apple relied on Mr. Rollins as its primary venue declarant in support of its motion to transfer and selected him as its 30(b)(6) on venue topics. Arigna had a right to depose him about Apple's ties to this District and

to question Mr. Rollins about the accuracy of and basis for statements in his venue declaration. As to factor (5), the Court has not previously sanctioned Apple about this event but did give Apple two clear warnings about its repeated failures to comply with its venue discovery obligations. Mr. Rollins is an employee of Apple who frequently supplies declarations to support Apple's transfer motions. *Scramoge Tech. Ltd. v. Apple Inc.*, No. 6:21-CV-00579-ADA, 2022 WL 1667561, at *2 (W.D. Tex. May 25, 2022) (collecting cases). Two days before his scheduled deposition, the Court twice expressed its concern with his limited knowledge of adverse facts and the accuracy of statements in his declarations, especially in combination with Apple's failure to provide complete discovery responses. *Id.* at *2–4; ECF No. 85-8. Because the Court warned Apple in a co-pending case about its venue discovery tactics but did not expressly mention "sanctions," factor (5) only slightly favors imposing the sanction. Thus, all *Alexsam* support or slightly support imposing the sanction.

The Court finds Apple's remaining arguments unavailing. Apple argues that Arigna did not warn Apple that Arigna would seek to strike the pending venue motion, but Arigna warned Apple that Mr. Rollins "is duty bound to appear for this deposition"—a reference to the duty under Rule 37, which authorizes striking as a sanction. ECF No. 93 at 10–11; ECF No. 85-7. Next, Apple argues that it never made "empty promises" to provide a witness because Apple remains committed to offering Mr. Rollins for deposition on June 15. ECF No. 93 at 11; ECF No. 93-15 at 2. The Court disagrees because Apple wrote four times that it would provide a venue witness for deposition within the discovery period, and delaying the deposition beyond the venue discovery period does not fulfill that promise. ECF No. 85-6; ECF No. 85-4 ¶ 1. Apple argues that it needed more time to resolve its objections to the deposition topics. ECF No. 106 at 22:7-11, 22:25–23:5.

The Court gives this argument no consideration because the Federal Rules of Civil Procedure deem this an "Unacceptable Excuse." FED. R. CIV. P. 37(d)(2).

Apple argues that Arigna's withholding of its venue witness caused Apple to do the same based on a principle of "mutual discovery." ECF No. 93 at 2–3, 7. Arigna argues that no rule of "mutual discovery" exists. ECF No. 94 at 3–4. Both parties are partially correct. The Court agrees with Apple in that the Court will mutually enforce any ruling on the same discovery objections, but the Court agrees with Arigna in that Arigna's right to withhold a witness does not automatically give Apple a right to withhold a witness unless Apple has the same basis for making the same objection. Here, Apple does not share a "mutual" objection with Arigna. Arigna withheld its corporate witness based on a relevance objection because Arigna has no U.S. presence, and its witness would have no relevant information to offer for the transfer analysis. ECF No. 93-8 at 1. On the other hand, Apple employs thousands of people in Austin, hires for Austin, and has engineers in Austin, so Apple cannot make the same relevance objection. ECF No. 1 ¶¶ 15-19. Apple needed to be deposed about relevant witnesses and facilities in Austin, so a Court ruling on whether Arigna permissibly objected for relevance would not mutually apply to Mr. Rollins and would not have excused his failure to appear.

Apple also argues that Arigna comes with unclean hands for failure to produce its own witness. ECF No. 93 at 12. Arigna did not commit the same offense that Apple did. Arigna did not wait until the night before the deposition to pull its witness. Unlike Apple, Arigna timely moved for a protective order for its witness in its case against Google as allowed by Rule 37(d)(2), and Arigna agreed to be bound by the ruling in its case against Apple. Arigna withheld an unimportant witness who might have had some marginally relevant information, but Apple withheld its primary venue declarant who provided a potentially motion-dispositive declaration.

## Conclusion

Apple moved to transfer this case to a more convenient forum for trial but refused to have the corporate witness it selected to be deposed about venue issues appear for a remote video deposition. The Court holds this conduct violates Rule 37(d). Arigna's Motion for Rule 37 Sanctions Against Apple is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 37(d) & (b), the Court hereby **STRIKES** Apple's Motion to Transfer Venue to the Northern District of California (Dkt. No. 59).

SIGNED this 20th day of July, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE