IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **ARIGNA TECHNOLOGIES LIMITED,**  *Plaintiff,* § § § § | |
| v. § | CIVIL NO. 6:21-CV-00943-ADA |
| **APPLE INC.,**  *Defendant.* § § § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Apple, Inc.'s ("Apple" or "Defendant") Motion to Dismiss infringement claims. ECF No. 23. After careful consideration of the briefs and applicable law, Apple's Motion is **DENIED-IN-PART** and **GRANTED-IN-PART**.

### I.   LEGAL STANDARDS

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's

1

likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

To allege indirect infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit, or was willfully blind to the existence of the patents-in-suit. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement.); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). A showing of willful blindness requires that "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech*, 563 U.S. at 769.

Similarly, to allege willful infringement, the plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1933 (2016). This requires a plaintiff to allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019).

Rule 12(b)(7) permits dismissal of an action for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). "Whether a party is indispensable under Rule 19(b) is a matter of regional circuit law." *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1269 (Fed. Cir. 1998). Determining whether a party is an indispensable party under Rule 19 requires a two-step inquiry. *Hood ex rel Mississippi v. City of Memphis*, 570 F.3d 625, 628–29 (5th Cir. 2009). First, "a court

must determine whether a party should be added under the requirements of Rule 19(a)." *Id.* Second, "[i]f the necessary party cannot be joined without destroying subject-matter jurisdiction, the court must then determine whether that person is 'indispensable,' that is, whether litigation can be properly pursued without the absent party." *Id.* at 629. "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after 'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'" *Id.* at 628 (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)).

"Patent infringement is a tort" and "[i]t is well-settled that joint tortfeasors are not considered 'required' or indispensable parties under Rule 19." *Akoloutheo, LLC v. Sys. Soft Techs., Inc.*, No. 4:20-cv-985, 2021 WL 1947343, at *2 (E.D. Tex. May 14, 2021) (denying 12(b)(7) motion); *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987). The patent infringement statute provides a cause of action against "***whoever*** without authority makes, uses, offers to sell, ***or*** sells any patented invention, within the United States ***or*** imports into the United States any patented invention." 35 U.S.C. § 271(a) (emphases added). "A suit for infringement may be analogized to other tort actions. All infringers are jointly and severally liable. Thus, plaintiff may choose whom to sue and is not required to join all infringers in a single action." 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1614 (3d ed.). "[B]ecause such infringers are by long tradition severally as well as jointly liable, they may be sued separately (that is, they are not necessary parties)." 8 CHISUM ON PATENTS § 21.03(e) (2021). "A patentee is not required to sue all infringers or forego its remedies against a single infringer." ROBERT A. MATTHEWS, JR., 1 ANNOTATED PATENT DIGEST § 9:10. "Indeed, all joint tortfeasors need not be named in the [patent infringement] suit as they are generally not indispensable parties." *Id.* § 30:111.

3

## II.     ANALYSIS

### A.  Indirect and Willful Infringement

Apple contends that Arigna has failed to plead sufficient facts to support its indirect and willful infringement claims.  Apple filed its motion to dismiss on November 19, 2021, before the Court's OGP required the parties to meet and confer on this issue.

In accordance with OGP 4.1 § VII, Arigna's claims of indirect infringement and willful are hereby **DISMISSED WITHOUT PREJUDICE**. Arigna has leave to re-plead those allegations with specificity if supported by a good faith basis under Rule 11 up to three months after fact discovery opens, and Arigna has leave to conduct fact discovery on indirect and willful infringement during those three months.

### B.  Direct Infringement and Rule 12(b)(7)

Apple argues that the manufacturer of the HG11-PG660-200 RF die is an indispensable party, and that this lawsuit cannot proceed without joining the indispensable party. However, patent infringers are jointly and severally liable, and a patent owner may sue them in separate lawsuits. Three respected treatises support this conclusion.

Even if the Court interpreted the law in Apple's favor, Apple has failed to show that the manufacturer of the HG11-PG660-200 RF die cannot be joined in this case.  Apple argues that this manufacturer remains unknown because the Complaint does not reveal the identity of the manufacturer, and Apple cannot join an unknown party. But Apple allegedly acquires and uses the accused die. Apple should know who it obtained the die from, so Apple should be able to find and join that third party supplier. This knowledge lies within Apple's own custody. Thus, Apple has not shown that "a person who is required to be joined . . . cannot be joined" due to anonymity under Rule 19(b). FED. R. CIV. P. 19(b). Apple's motion to dismiss the direct infringement claim under Rule 12(b)(7) is **DENIED.**

### III.   CONCLUSION

For the foregoing reasons, Apple's Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. The indirect and willful infringement claims are **DISMISSED WITHOUT PREJUDICE**. Arigna is allowed to conduct discovery on the indirect and willfulness claims and amend its Complaint and re-plead its best case of indirect and willful infringement up to three months into discovery. Apple's motion to dismiss under Rule 12(b)(7) is **DENIED**.

SIGNED this 16th day of August, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE